## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MARIAH R. SMITH,

             Plaintiff,

v.                                               Case No. 23cv01337-LA

CITY OF WAUWATOSA, et al.,

             Defendants.

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR JUDGMENTN ON THE PLEADINGS PURSUANT TO FED. R. 12(c)

Defendants, Captain Luke Vetter, Lieutenant Jeffrey Farina, Officer Benjamin Ziegler, and City of Wauwatosa, by their attorneys, Wirth + Baynard, submit the following Brief in support of their Motion for Judgment on the Pleadings pursuant to Fed. R. 12(c).

### RELEVANT FACTUAL BACKGROUND

**1.     Prior Litigation: Eastern District Case No. 20-cv-1660 and Seventh Circuit Appeal No. 23-2135.**

On March 6, 2021, Mariah Smith was named as a plaintiff in a lawsuit against the City of Wauwatosa and several of its agents. *See* (*Aaron et al v. Ratkowski et al*, Eastern District Case No. 20-cv-1660 at Dkt. 24)[1] As to Smith, the First Amended Complaint asserts:

> Plaintiff Mariah Smith resides in the City of Milwaukee, State of Wisconsin. Plaintiff uses she/her pronouns and on August 13, 2020, and September 5, 2020, plaintiff was protesting in Wauwatosa and was later mailed a ticket. (*id.* ¶ 52)

That Complaint was amended several times, with the operative version being submitted on February 15, 2022, wherein Smith remained a Plaintiff. (Knowlton Dkt. 155 ¶ 75) Relevant to

---

[1] This matter was referred to as the "Knowlton" case through its pendency and for the purpose of this motion Eastern District Case No. 20CV1660 will be referred to as "Knowlton" when citing the district courts' electronic filing system.

Smith, the Fourth Amended Complaint asserts claims directly related to her September 5, 2020, arrest, including:

> At some point during the protests in Wauwatosa on September 5, 2020, unknown John Doe officers were putting down spike strips in front of cars kettling vehicles in which forced many to either stop their cars or drive in a particular direction. (*id*. ¶ 213)

> Plaintiff Smith was not in a car but was marching on foot in the protest when she was targeted by Defendant Jeffrey Farina and was placed under arrest with no probable cause that she had committed any crimes. (*id*. ¶ 214)

> Plaintiff Smith was arrested and slammed to the ground by Defendants Jeffrey Farina and Luke Vetter. Defendant Vetter put a knee to the back of her head, and she suffered substantial injuries as a result. (*id*. ¶ 215)

> Defendant Officer George Opelt forcefully put a knee to Smith's ribs and jaw while other John Doe officers were on her also causing her great bodily harm and causing her to pass out. (*id*. ¶ 216)

> The excessive force by Defendants Vetter, Farina, Opelt, and John Doe Officers against Mariah Smith was objectively unreasonable in light of the facts and circumstances confronting them. (*id*. ¶ 218)

> As a result of the excessive force deployed by Defendants Vetter, Farina, Opelt, and John Doe Officers, Plaintiff Smith had numerous damages including a concussion, bruised ribs, multiple injuries throughout her body, and substantial pain to her jaw. (*id*. ¶ 222)

Smith asserted an excessive force claim action under § 1983 relating to her September 5, 2020, arrest (*id*. p. 123 Eighth cause of Action) and specifically alleged:

> On September 5, 2020, Defendant Officers Jeffrey Farina, George Opelt, Luke Vetter, and John Doe Officers used unnecessary excessive force, that was unjustified and objectively unreasonable in light of the facts and circumstances confronting them against Plaintiff Mariah Smith who never resisted detention nor attempted to flee and who was arrested for a noncriminal disorderly conduct ordinance. (*id.* ¶ 1034)

> Plaintiff Mariah Smith did not pose an immediate threat to the safety any of the officers or others. (*id.* ¶ 1035)

> Defendants Luke Vetter, Jeffrey Farina, George Opelt, and other John Doe officers used objectively unreasonable excessive force against Mariah Smith on September 5, 2020, and she was ultimately arrested for a noncriminal disorderly conduct ticket. (*id*. ¶ 1036)
>
> Defendants Vetter and Farina's actions of slamming Plaintiff Mariah Smith to the ground and Defendant Opelt and John Doe Officers actions of putting a knee to her ribs and jaws was excessive and objectively unreasonable. (*id*. ¶ 1037)

Defendants moved to dismiss the Fourth Amended Complaint (Knowlton Dkt. 177) and on August 24, 2022, Judge Joseph dismissed in relevant part Smith's (and others') excessive force claim and, in doing so, dismissed Farina, Vetter, and all other John Doe officers **with prejudice**. *See generally* (Knowlton Dkt. 190 p. 23)

On September 21, 2022, Plaintiffs moved for reconsideration of the district court's August 24, 2022, decision and order arguing that this court committed a "manifest error of law" in dismissing their causes of action because they felt their complaint was not construed liberally and ambiguities were not resolved in their favor. (Knowlton Dkt. 204 p. 3) On October 28, 2022, the district court denied the plaintiffs' motion for reconsideration in all material respects relating to the individual capacity claim, although it did grant that the dismissal of the John Doe Defendants would be without prejudice. (Knowlton Dkt. 232 pp. 4-6) With regard to the John Doe Defendants, the district court agreed with the plaintiffs that the statute of limitations had not yet run and therefore they should be dismissed without prejudice. (*Id*. p. 6) There were no amendments to the pleadings after that point and Plaintiffs neither identified nor named any of the John Doe Defendants.

On November 28, 2023, Plaintiffs (including Smith) appealed the district court's decision dismissing in relevant part Smith's (and others') excessive force claim. (*Kathryn Knowlton, et al. v. City of Wauwatosa, et al.,* Seventh Cir. Appeal No. 23-2135, Dkt. 23 Appellant's Brief)

Appellants specifically seek reversal of this court's order dismissing the Fourth Amended Complaint and in doing so, ask the Seventh Circuit to reinstate the individual capacity claim against (relevant here) Farina and Vetter. (*Id.* pp. 26-32)

### 2. The Instant Duplicative Action: Eastern District Case No. 23-cv-01337

On September 1, 2023, Smith filed suit in Milwaukee County Circuit Court against the City of Wauwatosa, Captain Vetter, Lieutenant Farina, and Officer Ziegler alleging a violation of her constitutional rights stemming from her September 5, 2020, arrest. (*Mariah Smith v. City of Wauwatosa et al.*, Milwaukee County Case No. 2023CV006625 at Dkt. 7) That matter was removed and is now captioned *Mariah Smith v. City of Wauwatosa et al.*, Eastern District Case No. 23CV01337.[2] In that Complaint, Smith asserts causes of action against all defendants collectively for excessive force (*Smith* Dkt. 7 at ¶¶ 50-56) and failure to intervene to prevent the alleged excessive force (*id.* ¶¶ 58-62).

The following demonstrates an example of the allegations made in the Smith case, which are duplicative of the claims and issues asserted in the Knowlton case:

> Defendants used unnecessary, excessive force, including but not limited, aggressively grabbing, pulling, and pinning of Ms. Smith's leg and neck and slamming of Ms. Smith's head while she was detained and on the ground. (*id.* ¶ 51)
>
> That at that time the Defendants used excessive force and there was no threat of death or serious bodily harm to the officers or any person in the area. (*id.* ¶ 52)
>
> The Defendants' conduct constituted excessive force without any cause or justification in violation of Ms. Smith's Fourth Amendment Rights. (*id.* ¶ 53)
>
> That such conduct by Defendants Cpt. Vetter, Lt. Farina, Ofc. Ziegler, and/or ABC Defendants was a cause of personal, physical,

---

[2] For the purpose of this motion Eastern District Case No. 23CV01337 will be referred to as "Smith" when citing the district courts' electronic filing system.

psychological, emotional, and economic injuries suffered by Ms. Smith. (*id.* ¶ 65)

Defendants Cpt. Vetter, Lt. Farina, Ofc. Ziegler, and/or ABC Defendant acted maliciously and/or with reckless disregard and/or with deliberate indifference toward Ms. Smith or in an intentional disregard of her rights, such as to subject the defendant to punitive damages. (*id.* ¶ 67)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court evaluates a Rule 12(c) motion under the same standards that govern a Rule 12(b)(6) motion to dismiss; the court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015) (citations omitted). Claim-splitting is a subset of the res judicata doctrine, an affirmative defense that the Seventh Circuit has held is best addressed under Rule 12(c). *See Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010); *Scholz v. United States*, 18 F.4th 941, 951-52 (7th Cir. 2021).

## ARGUMENT

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The aim of the doctrine is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* "Res judicata promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being hauled into court repeatedly." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011).

When a plaintiff brings a case "arising from the same transaction or events underlying a previous suit, simply by a change of legal theory," claim splitting has occurred, and the case cannot be maintained. *Carr v. Tillery*, 51 F.3d 909, 913 (7th Cir. 2010). The doctrine of claim splitting is "related to, but distinct from, the doctrine of claim preclusion." *Roumann Consulting Inc. v. Symbiont Construction, Inc.*, Case No. 18-C-1551, 2019 WL 3501527, at *6 (E.D. Wis. Aug. 1, 2019). While both doctrines serve to promote judicial economy and shield parties from vexatious litigation, "claim splitting is more concerned with the district court's comprehensive management of its docket, whereas claim preclusion focuses on protecting the finality of judgments." *Id.*

Notwithstanding these differences, claim splitting draws on the law of claim preclusion when determining whether the second lawsuit should be dismissed. Claim preclusion applies where there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action. *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 840 (7th Cir. 2015). Claim splitting does not require claim preclusion's second factor, finality of the judgment. *Katz v. Gerardi*, 655 F.3d 1212, 1218 (7th Cir. 2011). The court examines only whether there is an identity of the parties and of the causes of action between the Knowlton action and the Smith action.

"Whether there is an identity of the cause of action depends on 'whether the claims comprise the same core of operative facts that give rise to a remedy.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014)(quoting *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.,* 649 F.3d 539, 547 (7th Cir. 2011)). "Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action." *Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir. 2000). Thus, "a plaintiff cannot evade preclusion by identify[ing] a slightly different cause of action with one element different from

those in the first, second, or third lawsuits between the same parties arising from the same events." *Barr,* 796 F.3d at 840 (quoting *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011)). Moreover, "[r]es judicata bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." *Brzowstowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995); *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986)("Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost.").

### A. Smith's Fourth Amendment Claims Brought Against Vetter, Farina, Ziegler, and the City of Wauwatosa Are Barred By The Doctrine of *Res Judicata*.

Under the doctrine of issue preclusion, an issue cannot be litigated a second time between the same parties when it has already "been determined by a valid and final judgment." *Patrick v. City of Chicago*, 81 F.4th 730, 735–36 (7th Cir. 2023). Issue preclusion bars subsequent litigation if four conditions are met: (1) the issue to be precluded is the same as that involved in the prior action, (2) the issue was actually litigated, (3) the determination of the issue was essential to the final judgment, and (4) the party against whom preclusion is invoked was fully represented in the prior action. Only when a party did not have a full and fair opportunity to litigate issues in their earlier case does res judicata not apply. *Jones v. City of Alton, Ill.*, 757 F.2d 878, 884 (7th Cir. 1985) (*citing Haring v. Prosise*, 462 U.S. 306, 313 (1983)). This is not the case with Smith.

Smith's § 1983 excessive force and failure to intervene claims is barred by issue preclusion. The same parties are present in both cases: Smith as plaintiff and Vetter, Farina, Ziegler (included in the prior suit as a John Doe Officer), and "ABC" unidentified officers as defendants. (*Knowlton* Dkt. 155 ¶¶ 75, 213-222; 1034-1037) The issues of the officers' use of force and the reasonableness of the actions (or alleged inaction) of other officers at the scene were litigated, and Smith was fully represented in the prior lawsuit. The issues were the subject of a motion to dismiss, the claim based

on those issues was dismissed with prejudice, and that dismissal is currently on appeal. (*Knowlton Appeal*) Dismissal of a cause of action with prejudice constitutes a final judgment on the merits for purposes of issue preclusion and bars a later suit on the same cause of action. *Quincy Mall, Inc. v. Parisian, Inc.*, 27 F. App'x 631, 636 (7th Cir. 2001).

To now bring another lawsuit stemming from the exact same incident with the same claims and issues against the same defendants is a blatant attempt to relitigate the matter.

### B. Smith's Fourth Amendment Claims Brought Against Vetter, Farina, Ziegler, and the City of Wauwatosa Is an Impermissible Attempt at Claim-Splitting.

"We have recognized one important practical difference between res judicata and claim splitting: claim splitting allows a trial court to exercise discretion, while res judicata does not." *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 688, 697 (7th Cir. 2022)(citing *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021)). The rule against claim splitting prohibits a plaintiff from bringing a new case raising issues arising out of the same transaction or occurrence as an earlier case when those issues could have been raised in the first litigation. *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 841 (7th Cir. 2015). The res judicata rule against claim-splitting applies even if the plaintiff's first suit was short-lived. *Id.*

There can be no dispute that Plaintiff's suit is an impermissible attempt at claim-splitting. Indeed, a simple side-by-side comparison of the complaints highlights the similarities. Both the 2020 and 2023 complaints allege that on September 5, 2020, Mariah Smith was subject to excessive force by employees of the Wauwatosa Police Department. Each complaint describes identical incidents, and each complaint identifies identical parties.

The Seventh Circuit addressed a similar issue in *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837 (7th Cir. 2015). The timeline in Barr demonstrates the following—On March 3, 2010, Barr filed a pro se complaint against the University alleging that it violated her rights under

Title VII of the Civil Rights Act. In it she claimed that the nonrenewal of her contract was in retaliation for her complaint about racial discrimination at the University. *Id*. at 838. On June 25 Barr (now represented by counsel) filed a second suit against the University's Board of Trustees alleging claims for retaliation under Title VII and Age discrimination. *Id*. at 839.

Barr never served the first suit and on August 25 the district court dismissed the first suit, with prejudice, for failure to prosecute. *Id*. at 839. The Board of Trustees learned about the first suit and moved for judgment on the pleadings, see FED.R.CIV. P. 12(c), arguing that *res judicata* blocked the second suit. The district court agreed the suit was barred and granted the motion. The Seventh Circuit affirmed and held that the professor's second lawsuit arose out of same cause of action as first lawsuit, as required for res judicata (specifically claim-splitting) to bar the second action. *Id*. at 840-841.

The Seventh Circuit explained, "Even if her legal theory changed between the first and second suits, both cases alleged wrongful nonrenewal and thus shared the same core factual basis for res judicata purposes." *Id*. at 841; *see, e.g.*, *Palka*, 662 F.3d at 437 ("[T]here is an identity of the causes of action because the Title VII claims are premised on the Palkas' termination by their respective municipal employers—the same transactions at issue in their § 1983 cases."); *Smith v. City of Chicago*, 820 F.2d 916, 918 (7th Cir. 1987) ("We have regarded as the law of this [c]ircuit that '[e]ven though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action.'" (quoting *Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir.1982))). The Seventh Circuit rejected Barr's argument that res judicata did not apply because her first suit was dismissed on the technicality of lack of service of process—reiterating that "the rule against claim-splitting applies even if the plaintiff's first suit was short-

lived." *Barr,* at 841 citing Palka, 662 F.3d at 437 (explaining that claim-splitting is "a litigation tactic that res judicata doctrine is meant to prevent").

These principles apply here to preclude Smith's second suit.

CONCLUSION

In sum, Plaintiff was required to allege, in one proceeding, all claims arising out of a single set of operative facts. *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361 (7th Cir. 1988). Plaintiff had knowledge of the claims contained in the instant suit while Knowlton was ongoing, and rather than wait for the Seventh Circuit's decision on appeal, Plaintiff filed an entirely new suit based on the same set of core operative facts.  This is claim splitting pure and simple. Accordingly, Plaintiff's suit is barred.

Defendants respectfully request that the Court grant the foregoing motion, dismiss Plaintiffs' claim with prejudice, and award costs associated with bringing the motion, and any other equitable relief the court so orders.

Dated at Wauwatosa, Wisconsin this 5th day of January 2024.

**WIRTH + BAYNARD**
Attorneys for Defendants

*/s/ Jasmyne M. Baynard*
Jasmyne M. Baynard, SBN 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: 414) 291-7979
Email: jmb@wbattys.com